FILED

# United States District Court

MAY 30 2006

__MIDDLE__ DISTRICT OF __ALABAMA__

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

ORLANDO REYNA-JIMENEZ

CRIMINAL COMPLAINT

CASE NUMBER: 2:06mj49.CSC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 26, 2006__ in __Butler__ county, in the **Middle** District of **Alabama** defendant(s) did, (Track Statutory Language of Offense)

**being an alien, knowingly re-enter the United States after having been deported, without obtaining the permission of the Secretary of Homeland Security or the Attorney General of the United States,**

in violation of Title __8__ United States Code, Section(s) __1326(a)__.

I further state that I am a(n) __ICE Officer__ and that this complaint is based on the following facts:
Official Title

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

**May 30, 2006**                                              at    **Montgomery, Alabama**
Date                                                                          City and State

**CHARLES S. COODY, U.S. Magistrate Judge**      _____
Name and Title of Judicial Officer                              Signature of Judicial Officer

# AFFIDAVIT

I, Blake Diamond, being duly first sworn, do hereby state and affirm that:

I am a duly sworn Special Agent of the U.S. Immigration and Customs Enforcement (ICE) assigned to the office of the Assistant Special Agent in Charge (ASAC) - Mobile, Alabama. I have been employed as a federal agent for approximately ten years. My principal assignment has been to conduct criminal investigations of persons involved in violation of the United States Code relating to Title 8 - Aliens and Nationality.

On May 26, 2006, Alabama State Trooper Chris Faulk conducted a vehicle stop on Interstate 65 southbound near mile marker 107 in Butler County, Alabama. He stopped a white 2005 Nissan Sentra bearing Guanjuato, Mexico license plate GJV-85-12 for following too close to the vehicle in front. The driver, identified as Orlando REYNA-Jimenez, was issued a warning ticket. During questioning by the Alabama State Troopers, REYNA-Jimenez admitted that he was a native and citizen of Mexico. REYNA-Jimenez is fluent in the English language and an interpreter was not required.

Record checks revealed that REYNA-Jimenez had been previously arrested for possession of a stolen car and possession of a large sum of money. REYNA-Jimenez was in possession of a Texas Identification Card (19429589). Trooper Faulk issued REYNA-Jimenez a warning for FOLLOW TO CLOSE and a citation for DRIVING WHILE REVOKED. A consensual search of the vehicle revealed three false compartments. REYNA-Jimenez and the vehicle were transported to the Alabama State Trooper Post in Evergreen, Alabama for further investigation.

The compartment located on the right passenger side behind the fender contained 19 bundles of an undetermined amount of United States currency. A total of 22 bundles were found.

Corporal Robert Thornton with the Alabama Bureau of Investigation was notified of the incident. I was then notified by Corporal Thornton and asked to provide assistance. Upon arrival at the Trooper Post in Evergreen, Alabama, it was revealed that REYNA-Jimenez was not in possession of any immigration documents allowing him to enter, reside, or work in the United States legally.

I conducted a records inquiry through ICE indices that revealed REYNA-Jimenez had been deported from the United States three times. On July 11, 2000, REYNA-Jimenez was deported from the United States to Mexico at Hidalgo, Texas. On January 10, 2003, REYNA-Jimenez was deported from the United States to Mexico at Laredo, Texas. And on February 23, 2004, REYNA-Jimenez was deported from the United States to Mexico at Brownsville, Texas.

A review of REYNA-Jimenez' official Alien file indicates that he failed to obtain permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to reenter the United States legally. I transported REYNA-Jimenez to the Alabama Department of Public Safety Headquarters in Montgomery, Alabama for further investigation.

On May 26, 2006, I interviewed REYNA-Jimenez. I gave REYNA-Jimenez his Miranda Warnings in the English and Spanish language. REYNA-Jimenez waived his right to counsel and agreed to answer questions without the presence of an attorney. Upon questioning, he freely and voluntarily admitted to being a native and citizen of Mexico, who last entered the United States illegally, after having been deported. He claimed he did not possess any documents allowing him to legally enter, reside, or work in the United States.

Orlando REYNA-Jimenez is in violation of, but not limited to, Title 8 U.S.C. 1326(a), reentry of deported alien without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security. The penalty, upon conviction, for this offense shall be a fine under Title 18, or imprisoned not more than 2 years, or both.

_____
Blake Diamond, Affiant
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to and subscribed before me this 30th day of May, 2006.

_____
Charles S. Coody
United States Magistrate Judge